United States District Court
Southern District of Texas
**ENTERED**
January 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS ANGEL RAMIREZ-RAMOS | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:13-CV-332 |
| VS. | § | |
| | § | CRIM. ACTION NO. 7:11-CR-1674-1 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION

Movant Jesus Angel Ramirez-Ramos, a federal prisoner proceeding pro se, initiated this action pursuant to 28 U.S.C. § 2255 by filing a Motion to Vacate, Set Aside, or Correct Sentence. (Docket No. 1.)[1] Movant was sentenced to a 57-month term of imprisonment after pleading guilty to illegal reentry after a previous deportation and being an alien illegally possessing a firearm. His sentence took into account his two prior felony convictions for drug trafficking. Movant asserts three grounds for relief, alleging that his attorney rendered ineffective assistance of counsel by failing to argue for full acceptance of responsibility credit, failing to object to the 16-level enhancement to his base offense level, and by failing to file a notice of appeal. (Docket No. 1, at 2-4, 8.) Pending is the motion to dismiss filed by Respondent United States. (Docket No. 6.)

After carefully considering Movant's § 2255 motion, the record of his criminal case, and the applicable law, the undersigned concludes that Movant's § 2255 motion should be denied. Movant has been released from federal custody and presumably deported from the United States. He was not sentenced to a term of supervised release. Because Movant has not alleged any collateral consequences following his release from prison, his § 2255 claims are now moot. In any event, Movant's claims that counsel rendered ineffective assistance are conclusory, refuted

---

[1] Docket entry references are to the civil action, unless otherwise noted.

by the record, and/or otherwise frivolous.  Accordingly, for the reasons explained further below, it is recommended that the District Court grant Respondent's motion to dismiss, deny Movant's § 2255 motion, and dismiss this action.

## I.  BACKGROUND

### A.    The Underlying Criminal Charge[2]

On October 5, 2011, officers from Pharr, Texas, Police Department encountered Movant at an apartment in Pharr.  A records check revealed that Movant had an outstanding immigration warrant.  Movant provided the officers with consent to search the apartment.  In the bedroom, the officers found a loaded Heckler & Koch .45 caliber pistol and a small amount of cocaine. Movant was arrested, and the officers advised agents from Immigration and Customs Enforcement (ICE) that Movant was in their custody.

ICE agents arrived and interviewed Movant after he waived his Miranda rights.  Movant admitted to illegally entering the United States one week prior to his arrest.  He also stated that the firearm was his and that he had it with him when he entered the United States.

A criminal records check revealed that Movant had two prior felony convictions for possession of 222 pounds of marijuana and conspiracy to possess with intent to distribute 500 pounds of marijuana.  An immigration records check showed that Movant had been deported from the United States on March, 13, 1999.

### B.    Criminal Proceedings

On January 10, 2012, a three-count superseding indictment was filed in the Southern District of Texas, McAllen Division.  Movant later pleaded guilty to the following two charges:

---

[2]  The facts in the next two sections are drawn principally from Movant's Presentence Investigation Report (PSR).  (Cr. Docket No. 34.)  The PSR contains a detailed description of the facts relevant to the underlying criminal charge.

1) alien illegally or unlawfully possessing a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2); and 2) being found illegally in the United States after a previous deportation, in violation of 8 U.S.C. § 1326(a) & (b).  After he pleaded guilty, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR calculated Movant's base offense level at 8, which was enhanced 16 levels due to Movant's 2008 deportation following his felony aggravated robbery conviction.[3]  He also received a two-level increase to his offense level because he pleaded guilty to two counts in the indictment.  This gave Movant an adjusted offense level of 26.  Because Movant pleaded guilty and accepted responsibility for his crime, he was granted a two-level decrease for acceptance of responsibility, which reduced his total offense level to 24.  The PSR calculated his criminal history at level III,[4] which resulted in a guidelines imprisonment range of 63 to 78 months.  The PSR also noted that should the Court grant an additional point reduction for acceptance of responsibility, the sentencing range would be 57 to 71 months.

Counsel for Movant filed written objections to the PSR; notably, counsel argued that Movant should not receive the 16-level enhancement to his base offense level because his drug trafficking conviction occurred over 10 years ago.  (Docket Nos. 33, 38.)  In addition, counsel challenged Movant's criminal history score arguing that it was over-represented because both of his previous felony drug convictions occurred over 10 years earlier.  (*Id.*)  Counsel renewed

---

[3] The PSR found that Movant's 1997 felony conviction for conspiracy to possess with intent to distribute 226 kilograms of marijuana was a drug trafficking offense that warranted a 16-level enhancement.  U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(i).

[4] The PSR found that Movant had six criminal history points.  Movant received criminal history points for the following convictions: 1) three points for possession of 222 pounds of marijuana (1995); and 2) three points for conspiracy to possess with intent to distribute 226 kilograms of marijuana (1997).

these objections at the sentencing hearing, urging the Court to "get away from the guidelines just a little bit." (Cr. Docket No. 51, Sentencing Tr. 6.)  Movant's attorney also requested that the Court consider a downward departure because Movant was getting a "double whammy for one offense." (*Id.* at 7.)  Movant was given an opportunity to address the Court, and he apologized for his actions and explained that he was only trying to avoid the violence in Mexico. (*Id.*)

Ultimately, the Court disagreed with counsel that Movant's guidelines calculation was incorrect or that his criminal history was over-represented. (*Id.* at 6, 9.)  The Court did grant the Government's motion that Movant receive a third point credit for acceptance of responsibility. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced Movant to 57 months imprisonment, which was also the lowest sentence in the applicable Guidelines range. (*Id.* at 9.)  Given that Movant is a deportable alien, the Court did not impose a term of supervised release. (*Id.* at 10.)

Movant did not file a direct appeal, and he subsequently timely filed the instant § 2255 action.

## C.    Movant's Allegations and the Government's Response

In his § 2255 motion, Movant asserts three grounds for relief.  He alleges that his attorney rendered ineffective assistance of counsel by failing to argue for full acceptance of responsibility credit, by failing to object to the 16-level enhancement to his base offense level, and by failing to file a notice of appeal. (Docket No. 1, at 2-4, 8.)  Regarding his claim based on a failure to file a notice of appeal, Movant does not assert that he instructed his attorney to appeal on his behalf. Rather, he claims that "there were obvious, nonfrivolous grounds for appeal in this case, such that a rational defendant would have wanted to appeal." (Docket No. 9, at 4.)

In moving to dismiss, Respondent United States argues that Movant's claim regarding credit for acceptance of responsibility is refuted by the record because Movant did in fact receive the full three-point credit that he seeks.  (Docket No. 6, at 14-16.)  Respondent further argues that Movant's claim regarding the 16-level enhancement is not cognizable on collateral review. (*Id.* at 16-17.)  As to Movant's claim regarding counsel's alleged failure to file a notice of appeal, Respondent "suggests" that an evidentiary hearing may be required to resolve that issue.[5] (*Id.* at 13-14.)

Movant's claims must be analyzed in the context of the standard of review for § 2255 actions.

## II.  ANALYSIS

### A.    28 U.S.C. § 2255

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the plain error standard that would apply on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Following a conviction and exhaustion or waiver of direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)).  "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Cervantes*, 132 F.3d at 1109.  Stated another way, relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been

---

[5] As to his claim regarding a direct appeal, the undersigned ordered—after Respondent United States moved—Movant's attorney in his underlying criminal case to file an affidavit addressing this issue.  (*See* Docket Nos. 4, 5.)  However, for reasons that are unclear, he failed to do so.

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Subject to these constraints, there are only four limited grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**B.    Mootness**

Movant's ineffective assistance of counsel claims would be cognizable in this § 2255 action.  Ineffective assistance of counsel claims are properly made for the first time in a § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.   *See United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).  Before addressing the merits of those claims, however, the Court must first consider whether Movant's claims are now moot.

At the time Movant filed his § 2255 motion to vacate, he was serving the 57-month term of imprisonment imposed by the District Court.  It has come to the Court's attention that he was subsequently released from custody on November 23, 2015, and presumably deported back to Mexico.[6]  Movant has had no contact with the Court since June 30, 2015, when he filed a letter with the Clerk requesting a copy of his civil docket sheet.  (Docket No. 11.)  Nor has Movant updated his current address with the Clerk.

Section 2255 provides that a prisoner in custody who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was

---

[6]  Movant's release from federal custody occurred approximately 41 months after he was sentenced.

in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Usually, 'custody' signifies incarceration or supervised release . . . ."  *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) ("Both §§ 2255 and 2241 require that at the time a prisoner files a motion or petition, he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction.").  Here, the record makes clear that Movant was in custody when he filed his § 2255 motion to vacate sentence.  Pursuant to Supreme Court precedent, a defendant's incarceration at the time of filing is all the "in custody" provision of 28 U.S.C. § 2255 requires.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the 'in custody' requirement of the habeas statute was in error.  Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.").

"The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.  'This case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'"  *See Spencer*, 523 U.S. at 7 (internal citations omitted).  To satisfy the "personal stake" requirement, when a defendant challenges only the sentence, not the underlying conviction, he must affirmatively allege and demonstrate collateral consequences.  *Id.* at 7-8.

7

Movant raises three grounds for relief in his § 2255 motion, all of which allege ineffective assistance of counsel.  These claims relate to Movant's sentence.[7]  Nowhere in his motion to vacate does Movant challenge his conviction.  Nor does he affirmatively allege or otherwise show any collateral consequences following his release from prison.[8]  Because Movant does not attack his conviction, and does not demonstrate any continuing collateral consequences, his subsequent release from prison renders his claims moot, and this action should thus be dismissed.[9]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion to Dismiss (Docket No. 6) be GRANTED, that Movant's § 2255 Motion to Vacate (Docket No. 1) be DENIED as moot, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Movant be denied a certificate of appealability.

---

[7]  Movant claims that counsel failed to argue for full acceptance of responsibility credit and failed to object to the 16-level enhancement to his base offense level.  As to his claim that counsel failed to file a notice of appeal, Movant apparently intended to argue on appeal that he should have received a lower sentence based on the same two alleged attorney errors.  (*See* Docket No. 1, at 2; Docket No. 9, at 4.)

[8]  A copy of this Report will be sent to Movant at the address he provided.  Should Movant respond to the Report and suggest any continuing collateral consequences related to his case, the District Court may then consider whether or not this matter is moot in light of that additional information.

[9]  Apart from being moot, Movant's claims that his attorney rendered ineffective assistance of counsel at sentencing are refuted by the record.  Movant alleges that his attorney erred when he failed to argue for full acceptance of responsibility credit and failed to object to the 16-level enhancement to his base offense level.  However, as the record makes clear, his attorney made the very objections that Movant now complains of.  Specifically, in his written objections to the PSR, Movant's attorney objected to the 16-level enhancement and requested the full acceptance of responsibility credit on Movant's behalf.  (Cr. Docket Nos. 33, 38.)  Movant's attorney reiterated these objections at sentencing.  (*See* Cr. Docket No. 51, Sentencing Tr. 4-7.)  As is obvious from the record, Movant's claim that counsel rendered ineffective assistance of counsel at sentencing is baseless.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Movant has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS.  Because the undersigned recommends the dismissal of Movant's § 2255 action, it is necessary to address whether Movant is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings).  An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 claims should be dismissed on procedural grounds.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that the petition does not state a valid claim of the denial of a constitutional right or that the court was correct in its procedural ruling.  Accordingly, Movant is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 27, 2016.

Peter E. Ormsby
United States Magistrate Judge